UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

M. SHANKEN COMMUNICATIONS, INC.,
TRUSTEES OF THE WINE SPECTATOR
SCHOLARSHIP FOUNDATION,

          Plaintiffs,

   v.

VARIANT EVENTS, LLC,
ALEX PAPAJOHN,

          Defendants.

Action No. 3:10-CV-804

## MEMORANDUM OPINION

THIS MATTER is before the Court on: (1) Defendants' Motion to Enlarge the Number of Allowable Depositions Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) ("Motion to Enlarge") (Doc. No. 52); (2) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 ("Motion to Dismiss") (Doc. Nos. 54 and 56); and (3) Defendants' Motion to Strike Plaintiffs' Untimely Opposition to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment ("Motion to Strike") (Doc. No. 67). The parties appeared before the Court on April 13, 2011, for oral arguments. For the reasons stated from the bench and below, the Motion to Enlarge is GRANTED, the Motion to Dismiss is DENIED, and the Motion to Strike is GRANTED.

**I.    BACKGROUND**

Plaintiffs M. Shanken Communications, Inc. ("Shanken"), and Trustees of the Wine Spectator Scholarship Foundation ("Trustees") (collectively "Plaintiffs") initiated this action against Defendants Variant Events, LLC ("Variant"), and its sole proprietor Alex

1

Papajohn ("Papajohn") (collectively "Defendants") in the Southern District of New York on June 17, 2010. The Complaint alleged trademark infringement, unfair competition, and trademark dilution under federal law and New York law. Defendants filed a motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer pursuant to 28 U.S.C. § 1404(a) on July 23, 2010. Plaintiffs subsequently moved the Court to transfer the case pursuant to 28 U.S.C. § 1631. The Southern District of New York granted Defendants' motion to dismiss and Plaintiffs' motion to transfer on October 7, 2010, and transferred the case to the Eastern District of Virginia.

Plaintiffs filed an Amended Complaint February 25, 2011. The Amended Complaint alleges trademark infringement, unfair competition, and trademark dilution under federal law and New York law, and trademark infringement and unfair competition under Virginia law. The causes of action arise out of Defendants' use of the titles "National Wine Experience" and "Monticello Wine Experience" in connection with wine industry events.

The Trustees own the trademarks "The New York Wine Experience," "The California Wine Experience," and "New World Wine Experience" (collectively "Wine Experience marks"). Shanken is the exclusive licensee of the Wine Experience marks. Shanken owns and publishes *Wine Spectator* magazine. The magazine features advertisements and promotional materials for The New York Wine Experience, The California Wine Experience, and New World Wine Experience. The "Wine Experience" events are three-to-four-day seminars and tasting events featuring wines from around the world. The New York Wine Experience is held in New York City, while The California Wine Experience has been held in New York City, San Francisco, Las Vegas, Chicago, and other cities throughout the United States. The New World Wine Experience was held in Las Vegas in October 2010.

Defendants also host wine industry events, including the National Wine Experience and the Monticello Wine Experience. Upon discovering Defendants' use of Monticello Wine Experience and National Wine Experience, Shanken sent Variant a cease and desist letter February 2, 2010, demanding that Variant not use National Wine Experience or Monticello Wine Experience as event names.  Papajohn responded with a letter dated February 9, 2010, stating he was referring the issue to Defendants' trademark counsel.  Defendants then initiated discussions with Plaintiffs regarding advertisement space in *Wine Spectator*. Plaintiffs subsequently filed the Complaint in New York.

## II. LEGAL STANDARD

### a. Motion to Enlarge

Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure requires a party to obtain leave of court to take more than ten depositions. A court, however,

> [m]ust limit the frequency or extent of discovery otherwise allowable . . . if it determines that:
>
> (i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C).

### b. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A motion to dismiss "test[s] the sufficiency of the complaint to see if it alleges a claim for which relief

can be granted." Dolgaleva v. Va. Beach City Pub. Sch., 364 F. App'x 820, 825 (4th Cir. 2010). A pleading states a claim if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Normally, a court must convert a motion to dismiss into a motion for summary judgment if it considers documents outside the pleadings in making a ruling. Fed. R. Civ. P. 12(d). A court may, however, "consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint" without converting a motion to dismiss into one for summary judgment, "so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006). If the parties submit documents outside the pleadings, "the Court . . . retains discretion to disregard any extraneous exhibits submitted by Defendant and to treat the motion as a standard one for failure to state a claim under Rule 12(b)(6)[.]" Harmon v. CB Squared Servs. Inc., No. 3:08-CV-799, 2009 U.S. Dist. LEXIS 7009, at *5 (E.D. Va. Jan. 30, 2009) (citing Bosiger v. U.S. Airways, Inc., 510 F.3d 442, 450 (4th Cir. 2007)).

   a. Motion to Strike

Local Civil Rule 7(F)(1) provides a party opposing a motion must file a responsive brief within eleven days of service. The Federal Rules of Civil Procedure add three days to

4

the eleven day period for documents filed electronically. Fed. R. Civ. P. 6(d). Thus, a party opposing a motion must file a responsive document within fourteen days of the date the motion is filed. A court may extend the deadline for filing a response before the original time expires for good cause. Fed. R. Civ. P. 6(b)(1). A party seeking an extension after the deadline has passed must show excusable neglect. Id.

**III. DISCUSSION**

    a. <u>Motion to Enlarge</u>

Defendants maintain use of the term "wine experience," alone or in connection with a descriptive or geographic term, for wine industry events is very common. Defendants therefore seek leave to conduct twenty-three non-party depositions. Defendants argue the additional discovery will produce highly relevant evidence that will rebut Plaintiffs' claims of the strength, fame, and exclusivity of the Wine Experience marks by showing extensive third-party use of the same or similar marks. Defendants contend extra depositions are the most efficient and least burdensome way of obtaining this information.

Defendants also plan to use the non-party depositions to rebut Plaintiffs' dilution allegations. Defendants assert the goal of trademark dilution laws is to protect against the "gradual whittling away" of distinctiveness by third-party use of a mark. <u>Allied Maint. Corp. v. Allied Mech. Trades Inc.</u>, 42 N.Y. 2d 538, 544 (1977). Defendants believe third-party use of "wine experience" is relevant in determining whether there has been dilution and whether Plaintiffs' Wine Experience marks are famous.

    i. *Rule 26(b)(2)(C) Factors*

The Pretrial Order entered February 24, 2011, limits non-party depositions to five. Defendants believe they have shown a need for more than the five depositions permitted in

5

the Pretrial Order and the ten provided for in the Federal Rules of Civil Procedure, as none of the Rule 26(b)(2)(C) factors counsel against permitting extra depositions.

First, Defendants argue, the discovery sought is not unreasonably cumulative or duplicative, as Defendants seek to take one deposition from each third party. Defendants hope to gather from the depositions information such as the date each mark was first used in commerce, the types of media in which the marks are used, how widespread the use is, and other details such as those pertaining to sales and advertising. Defendants contend this information will show use of the phrase "wine experience" is widespread and substantial. Moreover, the deponents have varying levels of information regarding the different "wine experience" marks. Thus, each deposition will produce different information.

Defendants next state the discovery sought cannot be obtained from a more convenient, less burdensome, or less expensive source. Moreover, without the extra depositions, Defendants will not have the opportunity to obtain the information at all.

Finally, Defendants contend the burden and expense of the proposed discovery does not outweigh its likely benefit. Defendants maintain the least burdensome, most cost-effective means of obtaining the discovery is through a single deposition of each identified third party. Defendants state Plaintiffs will not be burdened because the requested discovery is of third parties, not Plaintiffs. Moreover, all depositions can be done via telephone and Plaintiffs can participate by conference call. Defendants argue the benefit of the proposed discovery is great because evidence of third-party use is significant to rebut Plaintiffs' claims of the strength, fame, and exclusivity of the Wine Experience marks. See CareFirst of Md., Inc. v. First Care, P.C., 434 F.3d 263, 270 (4th Cir. 2006) (third-party use is relevant in assessing a mark's strength). Defendants expect the information from the

depositions to be dispositive, as it would prevent Plaintiffs from prevailing on their trademark infringement and dilution claims. The burden is minor by comparison.

Plaintiffs urge the Court to deny Defendants' Motion because the information sought is unreasonably cumulative, duplicative, burdensome, and expensive. Plaintiffs state the same information can be obtained by other, more appropriate methods. Plaintiffs argue Defendants want to obtain the same information from each third party and the only purpose of the information is to show the phrase "wine experience" is used extensively by third parties. Plaintiffs believe deposing such a large number of third parties in an attempt to prove a single concept is cumulative and asking the same question to twenty-three different deponents is duplicative.

Plaintiffs also argue Defendants could use other discovery devices to obtain the information. Plaintiffs propose subpoenas requesting documents or deposition by written questions. Plaintiffs argue Defendants have ample time to obtain information from third parties without taking twenty-three depositions.

Finally, Plaintiffs argue the burden and expense of the proposed depositions outweigh the benefit. Plaintiffs believe they will be significantly burdened by having to prepare for and participate in twenty-three third-party depositions ranging in geographic location from Hawaii to the East Coast. Plaintiffs state counsel cannot participate via telephone because doing so might not properly protect Plaintiffs' interests and could expose Plaintiffs to unforeseeable risks. Because Defendants can make the same point with a smaller number of depositions or through other methods, Plaintiffs believe the burden and expense of the depositions outweigh the benefits.

This Court has held a movant must show depositions in excess of the number permitted by the pretrial order will assist in proving the movant's case and will not prejudice the opposing party or delay the proceedings. See Eggleston v. Wal-Mart Stores East, LP, No. 3:05-CV-721, 2006 WL 585152, at *3 (E.D. Va. Mar. 10, 2006). In this instance, permitting extra depositions will assist Defendants in proving their case and does not prejudice Plaintiffs or delay proceedings.

The Rule 26 factors counsel in favor of permitting the extra depositions. First, information obtained from the depositions may support Defendants' argument that Plaintiffs do not have substantially exclusive use of the Wine Experience marks and help prove the marks have already been diluted. Thus, while some of the information from the deponents may overlap, it is not unreasonably cumulative or duplicative.

The second factor – whether the party had ample opportunity to obtain the information by discovery – counsels in Defendants' favor. Plaintiffs' suggested methods are equally as cumbersome and expensive, if not more so, than oral depositions. Depositions by written questions, for example, would require leave of Court and, consequently, another motion similar to the instant one. Subpoenas duces tecum will not produce all information Defendants seek. Thus, there are no viable alternatives to oral depositions.

Finally, it appears to the Court that the burden and expense of Defendants' proposal will not outweigh its likely benefit. Defendants contend information from the depositions could be dispositive on at least two counts. In that case, the benefit to Defendants outweighs the burden to Plaintiffs.

For these reasons, the Court finds Defendants have shown a need for the extra depositions and the Motion to Enlarge is GRANTED.

b. <u>Motion to Dismiss</u>

Defendants move the Court to dismiss Counts IV, V, and VI of Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted. These counts allege trademark infringement, trademark dilution, and unfair competition under New York law. Defendants contend these causes of action require use of a mark in commerce in New York, but the Amended Complaint fails to plead facts to support a finding that Defendants used the Monticello Wine Experience or National Wine Experience marks in connection with goods sold or services rendered in New York. Defendants urge the Court to consider that the Southern District of New York dismissed this case for lack of personal jurisdiction after finding Defendants conducted no business in New York. Defendants believe the New York ruling reinforces the point that they did not render services in New York and, consequently, cannot be held liable under New York law.

Defendants contend Variant's passive website does not give rise to a cause of action under New York law, as operating a website does not open a party up to claims arising under the laws of every state, regardless of other jurisdictional concerns. <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.</u>, 334 F.3d 390, 399 (4th Cir. 2003). Because the website is not interactive and did not allow the purchase of goods or services,[1] Defendants argue Plaintiffs cannot maintain a cause of action under New York law. Defendants further state mailing promotional materials to wine associations and potential visitors and sponsors in New York does not constitute the rendering of services in New York. Moreover, Defendants maintain their contacts with New York – sending "save the date" emails,

---

[1] Plaintiffs submitted to the Court screenshots from Defendants' National Wine Experience website to prove Defendants sold goods or services on the website. Defendants state goods could not be purchased through the website, however, as the "buy tickets" button was not operational.

9

attempting to engage Plaintiffs in a business venture, etc. – fall short of "use" as defined by New York General Business Law. Thus, Plaintiffs' Amended Complaint fails to state a claim.

The parties' primary contention with respect to the New York claims is whether Defendants used "Monticello Wine Experience" and "National Wine Experience" in New York. The Southern District of New York's ruling dismissing the case for lack of personal jurisdiction does not support Defendants' current Motion to Dismiss. The New York court found Defendants' contacts with New York were not sufficient to create personal jurisdiction over Defendants in that state. That there was insufficient evidence to prove Defendants derived substantial revenue from interstate commerce to confer jurisdiction in New York does not mean Defendants did not "use" the marks in New York.

New York law defines trademark infringement as the unauthorized use of "any reproduction, counterfeit, copy, or colorable imitation" of a registered mark "in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services," or the application of a counterfeit, reproduction, copy, or colorable imitation "to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this state of such goods or services[.]" N.Y. Gen. Bus. Law § 360-k.

Pursuant to New York General Business Law, a mark is "in use"

(1) on goods when it is placed in any manner on the goods or other containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and *the goods are sold or transported in commerce in this state*, and (2) on services when it is used or displayed in the sale or advertising of services and *the services are rendered in this state*."

N.Y. Gen. Bus. Law § 360(h) (emphasis added).

A trademark may be in use in a state even if a court does not have personal jurisdiction over a defendant because the defendant lacks sufficient contacts with the state. Roberts-Gordon v. Superior Radiant Prods., 85 F. Supp. 2d 202, 213 (W.D.N.Y. 2000) ("[t]rademark usage is not . . . dependent on the occurrence of a sale as mere advertisement can constitute actionable use of a trademark and such usage occurs wherever the trademark has its effect on customers."). See also Honda Assocs., Inc. v. Nozawa Trading, Inc., 374 F. Supp. 886, 889 (S.D.N.Y. 1974) ("[t]he distribution of catalogs offering goods under an infringing trademark, even without actual sales, constitutes a tortious act.").

Plaintiffs' Amended Complaint alleges Defendants used "wine experience" on the Internet, which can be accessed in New York. See Am. Compl. ¶ 22. Moreover, Defendants submit an Affidavit by Papajohn in which he states Defendants sent: (1) "save the date" e-mails to wineries across the country, including in New York; (2) approximately twenty-five flyers to associations and other organizations in New York; and (3) ten 16-page corporate sponsorship packages to organizations in New York. Defs. Ex. A, ¶ 12. Thus, the marks were "in use" in New York for trademark infringement purposes even if Defendants' contacts with New York were not sufficient to create personal jurisdiction in that state. Accordingly, Plaintiffs' Amended Complaint states a claim upon which relief can be granted and the Motion to Dismiss the New York law claims is DENIED.

    c. Motion to Strike

Defendants urge the Court to strike Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss because the document was untimely. Defendants cite Key v. Robertson, 626 F. Supp. 2d 566 (E.D. Va. 2009), and Rossman v. Lazarus, No. 1:08-CV-316,

2008 WL 4550579 (E.D. Va. Oct. 7, 2008), for the proposition that the Court should strike an untimely submission filed without leave of Court.

Defendants filed the Motion to Dismiss March 11, 2011. Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules, Plaintiffs' Opposition was due March 25, 2011. Plaintiffs did not file their Opposition until April 1, 2011. Plaintiffs did not file a motion for extension before or after the March 25, 2011, deadline. Thus, Plaintiffs' Opposition remains untimely. Plaintiffs attribute their untimeliness to a miscalculation of the time for filing a response. "[I]gnorance of when a time period expires does not qualify as excusable neglect," however, "nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity." Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-CV-264, 2006 U.S. Dist. LEXIS 41054, at *12 (E.D. Va. June 20, 2006) (quoting 1 Moore's Federal Practice § 6.06(3)(c)). Because Plaintiffs have not shown excusable neglect for the untimely filing, the Motion to Strike is GRANTED and Plaintiffs' Opposition to Defendants' Motion to Dismiss will be stricken from the record.

### IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Enlarge is GRANTED, the Motion to Dismiss is DENIED, and the Motion to Strike is GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

>                    /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this   25th    day of May 2011

12